ORDERED.

Dated:  June 30, 2016

Paul M. Glenn
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | |
|---|---|
| IN RE: | |
| **PAMIE JEAN TAYLOR** | CASE NO.: 3:15-bk-03394-PMG |
| Debtor. | CHAPTER 13 |
| | |
| **PAMIE JEAN TAYLOR** | |
| Plaintiff | Adv. No. 3:16-ap-00027-PMG |
| v. | |
| **WELLS FARGO BANK, N.A.** | |
| Defendant. | |

**CONSENT FINAL JUDGMENT ON ADVERSARY COMPLAINT**

This proceeding is before the Court upon the consent of the parties. The parties having agreed, the Court is of the opinion that it is appropriate to enter a Judgment. It is, therefore,

**ORDERED**, as follows:

1. Judgment is entered in favor of the Plaintiff, Pamie Jean Taylor.

2. The real property that is the subject of the proceeding is located at 1206 Forest Oaks Drive, Neptune Beach, FL 32266. The legal description is as follows:

> LOT 8, FOREST OAKS, ACCORDING TO THE PLAT THEREOF AS RECORDED IN PLAT BOOK 40, PAGES 97 AND 97A, OF THE CURRENT PUBLIC RECORDS OF DUVAL COUNTY, FLORIDA.
>
> PARCEL ID NUMBER: 177653-1024

3. The financing of the home equity line of credit was accomplished on April 6, 2007, by a business equity line of credit agreement, unconditional guaranty, and home equity line of credit mortgage in the amount $50,000.00 executed by Plaintiff in favor of Wachovia Bank, N.A., as recorded in Duval County Public Records on April 25, 2007, Official Records Book 13943, pages 2433-2446. Wachovia Bank, N.A. merged with Wells Fargo Bank, N.A. effective March 20, 2010. This home equity line of credit shall be deemed void and shall be extinguished automatically, without further court order, upon entry of the Debtor's discharge in this Chapter 13 case.

4. In the event this case is dismissed or converted to another Chapter of the Bankruptcy Code prior to the conclusion of the Plan the Creditor's lien shall be deemed reinstated and the Court Order stripping the lien shall be null and void.

5. Creditor shall retain its lien for the full amount due under the subject contractual loan should the subject property be sold prior to the Chapter 13 Plan completion and entry of a Discharge.

6. A copy of this Order may not be recorded in the public records until after Debtor has received a Chapter 13 Discharge.

7. Each party shall bear their own attorney fees and costs incurred in the present adversary case.

Stipulated and agreed to this 29th day of June, 2016.

| **THE HANCOCK FIRM, P.A.** | **KASS SHULER, P.A.** |
|---|---|
| /s/ Katheryn E. Hancock | /s/ Nicole Mariani Noel |
| Katheryn E. Hancock | Nicole Mariani Noel |
| Florida Bar No. 0085945 | Florida Bar No. 69883 |
| Attorney for the Debtor | Attorney for the Creditor |
| 681 Atlantic Boulevard | 1505 N. Florida Avenue |
| Atlantic Beach, FL 32233 | Tampa, FL  33602 |
| (904) 982-7212 | (813) 229-0900 ext. 1343 |
| kh@thehancockfirm.com | nmnoel@kasslaw.com |